

Cite as 2016 Ark. App. 510

# ARKANSAS COURT OF APPEALS

DIVISION III
No. CR–15–620

|  |  |  |
|---|---|---|
| | | **OPINION DELIVERED** NOVEMBER 2, 2016 |
| ANTONIO WHITLOW | APPELLANT | APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT, SEVENTH DIVISION [NO. 60CR–12–3469] |
| V. | | HONORABLE BARRY ALAN SIMS, JUDGE |
| STATE OF ARKANSAS | APPELLEE | AFFIRMED |

## ROBERT J. GLADWIN, Chief Judge

Appellant Antonio Whitlow appeals his convictions from the Pulaski County Circuit Court on two counts of murder in the first degree and kidnapping. He argues that the trial court incorrectly refused to allow him to represent himself pro se. Specifically, Whitlow claims that the trial court's reliance on his educational level and prior legal knowledge were invalid bases for its refusal to allow him to appear pro se. We affirm.

I. *Facts*

Whitlow appeals his convictions for two counts of murder in the first degree (one count in the presence of a child) and kidnapping. He was sentenced to sixty years for each count of murder in the first degree, plus five years for kidnapping, and he received an additional ten years for committing one count of murder in the first degree in the presence

of a child. All sentences are to run consecutive to one another for a total of 135 years to be served in the Arkansas Department of Correction.

On the eve of trial during an omnibus hearing, Whitlow addressed the trial court and indicated that he no longer wanted his court-appointed attorney of record, Ronald L. Davis, to represent him. Whitlow indicated that he intended to hire new counsel, Teresa Bloodman, but stated that she would not assume his representation until counsel of record withdrew. The trial court declined to relieve counsel without other counsel being present to enter an appearance and indicated, "Okay, let's have this hearing."

Whitlow then expressed that if he was left with the choice between having counsel of record continue to represent him or of representing himself, he preferred to represent himself. Specifically, Whitlow asked the trial court, "Okay. So why come I can't represent my own self tomorrow?" After a short recess, the trial court placed Whitlow under oath, and in direct response to the trial court's asking Whitlow if he wanted to represent himself the following day at trial, Whitlow responded, "If I can't have [Teresa] Bloodman, yeah." After exhaustive questioning by the trial court, much of which involved irrelevant inquiries about Whitlow's legal abilities, the trial court refused to allow Whitlow to proceed pro se.

II. *Standard of Review and Applicable Law*

Our standard of review is whether the circuit court's finding that a waiver of rights was knowingly and intelligently made was clearly against the preponderance of the evidence. *Williams v. State*, 2009 Ark. App. 684, 372 S.W.3d 358. Justice Stewart opined in *Faretta v. California*, 422 U.S. 806 (1975), that a defendant in a state criminal trial has a constitutional right to proceed without counsel when he voluntarily and intelligently elects to do so. Stated

SLIP OPINION

another way, the inquiry is whether a State may constitutionally hale a person into its criminal courts and force a lawyer upon him, even when he wants to conduct his own defense. *See id.*

The Sixth Amendment to the United States Constitution, made obligatory upon the states by the Due Process Clause of the Fourteenth Amendment, guarantees an accused the right to have assistance of counsel for his defense. *Williams*, *supra*. Article 2, section 10, of the Arkansas Constitution specifically provides that an accused in a criminal prosecution has the right to be heard by himself and his counsel. *Id*. It is also well established that an accused has a constitutional right to represent himself and make a voluntary, knowing, and intelligent waiver of his constitutional right to assistance of counsel in his defense. *Id*.

The constitutional right to counsel is a personal right and may be waived at the pretrial stage or at trial. *Walton v. State*, 2012 Ark. 336, 423 S.W.3d 56. An accused is entitled to represent himself provided that he knowingly and intelligently forgoes his right to counsel and is able and willing to abide by the rules of procedure and courtroom protocol. *Jarrett v. State*, 371 Ark. 100, 263 S.W.3d 538 (2007). Our supreme court has said that a defendant in a criminal case may invoke his right to defend himself pro se provided that (1) the request to waive the right to counsel is unequivocal and timely asserted, (2) there has been a knowing and intelligent waiver of the right to counsel, and (3) the defendant has not engaged in conduct that would prevent the fair and orderly exposition of the issues. *Id*.

### III. *Discussion*

The following exchange, in relevant part, occurred between the trial court and Whitlow:



TRIAL COURT: Okay. Do you believe that you're competent to represent yourself?

. . . .

WHITLOW: Yes.

TRIAL COURT: What kind of education have you received?

WHITLOW: I received past the twelfth grade education.

TRIAL COURT: Can you read and write?

WHITLOW: Yes.

. . . .

TRIAL COURT: Have you been through criminal trials before? Do you know how to do a trial? Have you sat through a trial? Have you been a defendant in a trial?

WHITLOW: Yes.

. . . .

WHITLOW: [B]een involved in a trial where I was a defendant. I have seen other trials.

TRIAL COURT: When and where was that?

WHITLOW: Right off the top of my brain off the top of my mind it's been several as far as family members and friends that had different charges. So I'm pretty much familiar.

TRIAL COURT: Pretty much familiar?

WHITLOW: Yes.

TRIAL COURT: Do you know how to—how to do a trial?

WHITLOW: Okay. Well, it's a lot of things that you do in a trial, but yes.

. . . .

TRIAL COURT: What do you mean by when you say—what do you mean by that when you say you've had past twelfth grade?

WHITLOW:  No, I said I have twelfth grade.

TRIAL COURT:  Did you graduate from high school?

WHITLOW:  No, I got my GED.

TRIAL COURT: Okay. Okay. At this point I'm not convinced that you can competently represent yourself or make a competent decision regarding representation. I'm not allowing a waiver because of your lack of competence and your earlier disruptive behavior. Also, I feel that you know nothing about a trial that is relevant. You don't know anything about—you have not demonstrated that you know anything about criminal procedure. And I believe that if you represented yourself tomorrow would just be a long drawn out guilty plea.

WHITLOW:  What question did I not answer correctly?

TRIAL COURT:  I've made my ruling. You're not going to—

WHITLOW:  Okay. Teresa Blood[man], she's going to be here tomorrow. I'll not ask—

TRIAL COURT:  —start tomorrow. If she shows—let me just say if she shows up tomorrow, Mr. Davis can leave and she can try the case. That's fine with me.

WHITLOW:  He's going to leave anyway because he's not representing me.

TRIAL COURT:  No, he is.

WHITLOW:  He is not representing me.

TRIAL COURT:  He's on the case.

WHITLOW:  I can decide if I want to represent—he's not going to represent me.

TRIAL COURT:  Mr. Davis is the attorney of record in this case.

WHITLOW:  He is not representing me. So what we're doing right now is he's giving me my motion of discovery. So either I can—because I—I'm just now getting it today. And with that I'm [going to] speak with Ms. Bloodman and handle it from there.

TRIAL COURT:  Okay. Have a seat over there and we're going to have this hearing on this motion to suppress.

. . . .

TRIAL COURT: I am ruling that he does not have competence in legal civil—excuse me, criminal procedure. You know him better than I. Has he had an Act III already? I do not have the whole docket sheet in front of me.

Whitlow claims that his request to waive the right to counsel was unequivocal. He indicated to the trial court initially that he wanted to hire attorney Teresa Bloodman, but, because she was not present at the hearing and had not filed an entry of appearance, the trial court did not enter her as the new attorney of record. When pressed on the issue of whether he wanted to represent himself, Whitlow clearly indicated he wanted to represent himself rather than have current counsel of record represent him.

We acknowledge the merit in Whitlow's argument that the trial court incorrectly based the majority of its inquiry on his knowledge of the legal system and his level of education. The trial court, just as in *Barnes v. State*, 258 Ark. 565, 528 S.W.2d 370 (1975), pointed out his lack of knowledge of procedures and rules and the hazards attendant upon his choice. Just as in *Barnes*, Whitlow submits that his request was not refused because it was not knowingly and intelligently made; rather, it was refused in an effort to protect him from his ignorance of the rules of evidence and the procedures in presenting evidence.

As to whether Whitlow had engaged in conduct that would prevent the fair and orderly exposition of the issues, he urges that the record is void of any indication that he disrupted of the trial-court proceedings. He acknowledges that there was an instance in which the trial court was questioning him, and Whitlow interrupted in an attempt to continue to address the trial court. The trial court abruptly indicated—apparently to court personnel—"take him back there, you all, take him back there to that little cell and keep him there if he's going to be disruptive." Whitlow maintains that there is no indication that

he was actually removed from the courtroom, and he questions whether the trial court was merely instructing court personnel what to do if he became disruptive. He submits that the record is void of any admonishments given to him regarding any disruptive behavior attributable to him.

We affirm the trial court's ruling on Whitlow's only claim of supposed error—that he was denied the right to represent himself—because he never unequivocally requested to represent himself. Rather, he consistently stated that he wanted someone other than his current court-appointed attorney, Ronald L. Davis, to represent him at trial.

In *Faretta*, *supra*, the United States Supreme Court held that the accused generally has a right to defend himself under the Sixth Amendment, because it is the accused who will suffer the consequences if the defense fails. *Id*. This right is not, however, without some outer limit, and *Faretta* made clear that, although a defendant need not have the skill and experience of a lawyer in order to competently and intelligently choose self-representation, he "should be made aware of the dangers and disadvantages of self-representation so that the record will establish that he knows what he is doing and his choice is made with open eyes." *Id*. at 835.

Where, as here, Whitlow sought to have another attorney represent him, a request to proceed pro se was not unequivocal, and the analysis in *Faretta* and its progeny does not apply. *See Morgan* v. *State*, 359 Ark. 168, 195 S.W.3d 889 (2004) (holding that a defendant's right to counsel is not absolute, and he may not use his right to counsel to frustrate the inherent power of the court to command the orderly, efficient, and effective administration of justice). We have held that "[t]he right to counsel may not be manipulated or subverted

to obstruct the orderly procedures of the court, or to interfere with the fair, efficient, and effective administration of justice, particularly when a change of counsel is sought on the eve of trial, primarily for the purpose of delay, and without making any effort to obtain substitute counsel." *Liggins v. State*, 2015 Ark. App. 321, at 6, 463 S.W.3d 331, 335–36.

Mr. Davis first appeared as Whitlow's attorney at a hearing on June 4, 2014. On August 28, 2014, the trial court scheduled a jury trial to begin on March 31, 2015. At a hearing held March 4, 2015, Whitlow told the trial court that he was "filling out a grievance" against Mr. Davis with the Arkansas Supreme Court.

The record indicates that Mr. Davis explained to Whitlow that if he had a problem with him, Whitlow needed to get another lawyer. Whitlow then said he was "in the process of hiring another attorney." The trial court told Whitlow to let it know if he hired someone else.

At the hearing on March 30, 2015, the day before Whitlow's jury trial began, he informed the trial court that he wanted Mr. Davis to withdraw because "no other attorney will listen to my case because they say it's against the rules because I have one." He also said he had filed a complaint against the trial court with the Judicial Discipline and Disability Commission for holding the hearing that day even though Whitlow was trying to change attorneys. The trial court asked Whitlow if he wanted to fire Mr. Davis and get a new attorney before the trial was to begin the next day. Whitlow replied that he could not get one "before tomorrow." The trial court informed Whitlow that the trial would begin the next day. During the discussion, this exchange occurred:

TRIAL COURT:  So you want to try—you want to defend yourself tomorrow?

WHITLOW:  No, I'm hiring another attorney.

TRIAL COURT:  You're going to have them by tomorrow?

WHITLOW:  Well, no other—first, we would have to get rid of this procedure. Then another attorney will listen to my case.

Whitlow claimed that he had never "received my motion of discovery." The trial court told him that his lawyer had taken care of discovery. Whitlow asked how the trial could be held "when I do have a right to choose the attorney that I want to choose." The trial court told him he was "wrong" about that, reminding Whitlow that the trial had been set since August 28, 2014. The trial court explained that he could hire anyone he wanted as long as it occurred by the next day.

After a break in the hearing, Mr. Davis informed the trial court that Whitlow had told him that he wanted to represent himself and that he may have another lawyer in court for trial the next day. The trial court asked Mr. Davis about the status of discovery. Mr. Davis stated that he had received the complete discovery file and had gone through it with Whitlow. The trial court then put Whitlow under oath, and the following exchange occurred:

TRIAL COURT:  You have indicated that [you] wish to proceed without a lawyer. Is that true?

WHITLOW:  No. I had said that I will have one tomorrow. He's saying that.

The trial court reiterated to Whitlow that the trial date had been set since the previous August and that he had "plenty of opportunities" to have Mr. Davis withdraw. The trial court then asked Whitlow if he understood that he was facing a possible sentence

of life imprisonment without parole. Whitlow replied, "I'm not going to represent myself tomorrow."

We hold that Whitlow did not pass the initial threshold of unequivocally stating that he wanted to represent himself, telling the trial court instead that Ms. Bloodman would be his new attorney. When asked why Ms. Bloodman had not informed the trial court that she was going to represent him, Whitlow explained that she told him it was "against the rules" for her to talk to him while he was represented by other counsel.

Mr. Davis told the trial court that when he talked to Whitlow after the earlier hearing, Whitlow told him that he did not want Mr. Davis to represent him. Mr. Davis confirmed that he and Whitlow had met to prepare for trial as recently as two days earlier. When the trial court told Whitlow that they would go to trial the next day with Mr. Davis representing him, Whitlow responded, "[n]o," and insisted that he had been talking with Ms. Bloodman.

The trial court recounted the history of the case and noted that there had been neither a motion by Mr. Davis to withdraw nor a motion to continue the trial date filed in the case. This colloquy then occurred:

TRIAL COURT: Do you wish to represent yourself tomorrow?

WHITLOW: If I can't get [Ms.] Bloodman, yeah.

TRIAL COURT: I'm asking you for a yes or no answer. Do you wish to represent yourself tomorrow?

WHITLOW: I wish to get [Ms.] Bloodman, but she will come. But if I have to choose between Ron Davis or myself, I choose myself. But I'm telling you, I can get in contact with her.

We recognize that the trial court conducted an exhaustive inquiry before ruling that Whitlow could not competently represent himself because he did not know trial procedure and previously had been disruptive. Whitlow then announced that Ms. Bloodman would be there the next morning. The trial court told Whitlow that if Ms. Bloodman appeared, she could try the case, and Mr. Davis could leave. Whitlow insisted that Mr. Davis would not represent him, but the trial court told him that Mr. Davis would remain on the case. Whitlow replied that he would speak with Ms. Bloodman and "handle it from there."

It is undisputed that Ms. Bloodman did not appear for trial the next day and that Mr. Davis represented Whitlow throughout the trial and on appeal. Whitlow never commented further about wanting Ms. Bloodman to represent him, and he never asked that Mr. Davis be relieved or that he be allowed to represent himself. Instead of making an unequivocal request to represent himself, Whitlow said he wanted another attorney, specifically, Ms. Bloodman, to represent him at trial. His statements about representing himself were couched more in terms of preferring to do so rather than having Mr. Davis represent him. Up until the end of the discussion at the hearing the day before trial, Whitlow continued to assert that he wanted Ms. Bloodman to represent him.

In *Jarrett*, 371 Ark. at 104–05, 263 S.W.3d at 542, our supreme court held that "a request to proceed pro se is not an unequivocal request if it is an attempt on the part of the defendant to have another attorney appointed." Jarrett had expressed his "extreme displeasure" with his attorney, but his displeasure "did not amount to an unequivocal request to take responsibility, be held accountable, and proceed pro se." *Id*. at 105, 263 S.W.3d at 542. The same analysis applies here; accordingly, we affirm.



Affirmed.

ABRAMSON and WHITEAKER, JJ., agree.

*Ronald L. Davis, Jr. Law Firm, PLLC*, by: *Ronald L. Davis, Jr.*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Brad Newman*, Ass't Att'y Gen., for appellee.